Eastern District of Kentucky
F I L E D
MAR 10 2020
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

DEAGO LANCE CHESHIER, )
)
Petitioner, ) Case No. 6:20-cv-058-HRW
)
v. )
)
S. BUTLER, Warden, ) **MEMORANDUM OPINION**
) **AND ORDER**
Respondent. )

\*\*\* \*\*\* \*\*\* \*\*\*

Deago Lance Cheshier is an inmate at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without an attorney, Cheshier filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1]. This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth below, the Court will deny Cheshier's petition.

In 2001, a jury convicted Cheshier of robbing six banks, in violation of 21 U.S.C. § 2113.[1] Two of the six convictions were for simple robbery and four were for armed robbery. Moreover, each of the four armed robberies had a corresponding conviction for using a firearm during a crime of violence, in violation of 18 U.S.C.

---

[1] The procedural history set forth in this opinion comes from Cheshier's underlying criminal case, *see United States v. Cheshier*, No. 1:01-cr-001 (S.D. Ind. 2001), as well as his direct appeal, *see United States v. Cheshier*, 39 F. App'x 335 (7th Cir. 2002), and his more recent efforts to vacate his sentence, *see Cheshier v. United States*, No. 1:15-cv-1670 (S.D. Ind. 2016).

§ 924(c)(1). The district court ultimately sentenced Cheshier to 1,081 months in prison. Cheshier then appealed, but the United States Court of Appeals for the Seventh Circuit affirmed his convictions and sentence. Cheshier's subsequent efforts to vacate his sentence pursuant to 28 U.S.C. § 2255 were also unsuccessful.

Cheshier then filed a § 2241 petition with this Court. *See Cheshier v. United States*, No. 6:18-cv-260-CHB (E.D. Ky. 2019). While Cheshier put forth numerous arguments in an attempt to attack his § 924(c) convictions, this Court considered and rejected each of those arguments. *See id.* at D. E. No. 8. As a result, the Court denied Cheshier's petition, struck his case from the docket, and entered a Judgment in favor of the Respondent. *See id.* at D. E. Nos. 8, 9. Cheshier did not appeal.

That said, Cheshier has now filed yet another § 2241 petition with this Court, and he puts forth two arguments. [D. E. No. 1]. First, Cheshier claims that, "in light of *United States v. Davis*, 139 S. Ct. 2319 (2019), [his] § 924(c) convictions must be dismissed because the underlying instant offense of bank robbery no longer categorically qualifies as a 'crime of violence.'"[2] [D. E. No. 1 at 7]. Second, Cheshier suggests that his sentence is no longer valid because "the First Step Act reduces the severity of the 'stacking' of multiple § 924(c) offenses." [*Id.*]. Cheshier then attaches

---

[2] Cheshier also cites the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), to support his argument. [*See* D. E. No. 1-1 at 6].

2

a memorandum of law in support of his petition, and he asks this Court to vacate or reduce his sentence. [*See* D. E. No. 1-1].

Cheshier's § 2241 petition, however, constitutes an impermissible collateral attack on his convictions and sentence. While a federal prisoner may challenge the legality of his convictions and sentence on direct appeal and in a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Cheshier cannot use a § 2241 petition as a way of challenging his convictions and sentence.

To be sure, there are limited exceptions under which federal prisoners have been permitted to challenge the validity of their convictions or sentences in a § 2241 petition. However, the United States Court of Appeals for the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can demonstrate that an intervening change in statutory law from the Supreme Court establishes his actual innocence, *see Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or shows that his sentence was improperly enhanced, *see Hill v. Masters*, 836 F.3d 591, 599-

3

600 (6th Cir. 2016). Here, Cheshier has not made such a showing. In fact, Cheshier has not clearly identified any intervening change in statutory law from the Supreme Court. Instead, Cheshier relies on the Supreme Court's decisions in *Davis*, 139 S. Ct. at 2319, and *Dimaya*, 138 S. Ct. at 1204, but those cases involved constitutional questions, not issues of statutory interpretation. Thus, Cheshier's reliance on these decisions is simply misplaced.

Finally, Cheshier's argument regarding the First Step Act is also unavailing. In fact, this Court has already considered and rejected Cheshier's argument, explaining that "because the relevant provision of the First Step Act does not apply retroactively, it necessarily does not provide an intervening change in statutory law that is applicable to Cheshier, such that he may proceed under 28 U.S.C. § 2241." *See Cheshier*, No. 6:18-cv-260-CHB at D. E. No. 8.

In light of the foregoing analysis, it is **ORDERED** as follows:

1. Cheshier's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

2. This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

3. The Court will enter a corresponding Judgment.

This /0th day of March, 2020.



Signed By:
*Henry R. Wilhoit*
United States D...

4